UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LOUIS ARCENEAUX
and CATHLENE ARCENEAUX**                                               **PLAINTIFFS**

V.                          CIVIL ACTION NO.1:06CV317 LTS-RHW

**STATE FARM FIRE AND CASUALTY COMPANY
and JAMES KELLY CANNON**                                   **DEFENDANTS**

### ORDER SCHEDULING SUBMISSION OF EVIDENCE

This case has a pending motion [11] to remand and a pending motion [9] to dismiss Defendant James Kelly Cannon (Cannon).

Plaintiffs Louis and Cathlene Arceneaux are the named insureds under a homeowners insurance policy issued by Defendant State Farm Fire and Casualty Company (State Farm). The state court complaint identifies this policy as State Farm policy number 24-08-2541-6. (Complaint Paragraph 7) The state court complaint names State Farm's local agent, Cannon, as a defendant and alleges that Cannon (or his agents and employees) made certain representations to the plaintiff which the plaintiffs contend are actionable. (Complaint Paragraph 11)

In its response to the motion to remand, Defendant State Farm has filed an affidavit signed by Defendant Cannon indicating that the plaintiffs purchased State Farm policy number 24-08-2541-6 in 1983, one year before Cannon opened his State Farm agency.

The state court complaint, which seeks to impose personal liability on Cannon for representations made "at the time the insurance policy was purchased," refers specifically to State Farm policy number 24-08-2541-6. Obviously, Cannon can have no legal responsibility for statements or representations made to the plaintiff before he became a State Farm agent.

By order [20] of August 1, 2006, I modified the stay in this action to permit the parties to take discovery to resolve the question whether any of the actions alleged to have taken place were the legal responsibility of Defendant Cannon individually.

The time to take discovery in this action has now elapsed.  Since I intend to consider any evidence the parties submit in deciding the motions to remand and to dismiss.  I will consider the motion to dismiss as a motion for summary judgment, and I will allow the parties thirty days within which to submit any additional evidence they wish the Court to consider in connection with these motions.

Accordingly, it is

**ORDERED**

That the Court will treat Defendant James Kelly Cannon's motion to dismiss [9] as a motion for summary judgment; and

That the parties shall submit any evidence they wish the Court to consider in connection with the pending motions to remand [11] and to dismiss [9] on or before April 9, 2007.

**SO ORDERED** this 7th day of March, 2007.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge